UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINGJIE HE *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>CAMELBACK LODGE GENERAL PARTNERS, LLP, *et al.*,<br><br>    Defendants. | Civil Action No. 21-1230 (MAS) (LHG)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court on Defendants CMBK Resort Holdings, LLC ("Camelback"); Ryan Williamson; and Pamela Truchon's (collectively, "Defendants") Motion to Transfer Venue to the Middle District of Pennsylvania. (ECF No. 3.) Plaintiffs Lingjie He and Edison Yin (collectively, "Plaintiffs") opposed (ECF No. 4), and Defendants replied (ECF No. 6). The Court has carefully considered the parties' submissions and decides the motion without oral argument pursuant to Local Civil Rule 78.1.

**I.    BACKGROUND**

This is a straightforward premises liability action. While vacationing at Defendants' waterpark resort in Tannersville, Pennsylvania, ice fell from one of the resort's roofs, striking Plaintiff He in the head. (Compl. ¶ 1, ECF No. 1-1; Pls.' Opp'n Br. 7-8, ECF No. 4.) Onsite medical personnel attended to He, and eventually she was transported to St. Luke's Hospital for further

medical treatment. (Pls.' Opp'n Br. 7-8.)[1] Plaintiff He alleges that she suffered "severe and permanent personal injuries" as a result of the falling ice. (Compl. ¶ 5.)

New Jersey residents, Plaintiffs sued Camelback, as well as Defendants Truchon and Williamson (a manager and lifeguard employed by Camelback), in New Jersey state court. (Defs.' Moving Br. Ex. B, Truchon Aff. ¶ 1, ECF No. 3-4; Defs.' Moving Br. Ex. C, Williamson Aff. ¶ 1, ECF No. 3-5. *See generally* Compl.) Other than Plaintiffs, no party resides in New Jersey: Camelback is a Delaware corporation with operations in Pennsylvania, and Truchon and Williamson are Pennsylvania citizens. (Defs.' Moving Br. Ex. A, Rohnstock Aff. ¶¶ 4-5, ECF No. 3-3; Truchon Aff. ¶ 5; Williamson Aff. ¶ 5.) And, other than Plaintiffs, no party has a physical presence in New Jersey. (Rohnstock Aff. ¶¶ 5-7 (averring that Camelback has no operations, employees, or bank accounts in New Jersey).)

In any event, Defendants removed to this Court (ECF No. 1) and filed the instant Motion to transfer this case to the Middle District of Pennsylvania and, alternatively, dismiss for lack of personal jurisdiction (ECF No. 3). Plaintiffs opposed, and Defendants replied. (ECF Nos. 4, 6.)

## II. LEGAL STANDARD

This case concerns the propriety of Plaintiffs' choice of venue. Under the federal venue statute, venue is proper in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[1] The parties have not clarified where the hospital was located. A cursory review of the St. Luke University Health Network website reveals that it has eleven hospitals in Pennsylvania and one in New Jersey. *See* Find a Location, St. Luke's Univ. Health Network, https://findalocation.slhn.org/practice?theme=dir_sluhn&type=17 (last accessed Sept. 1, 2021).

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Litigants unhappy with the venue can attempt to transfer. Under either 28 U.S.C. §§ 1404(a) or 1406(a), a federal district court may transfer a civil action to a different venue. The former provides that "a district court may transfer any civil action to any other district or division where it might have been brought" considering "the convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a). The latter provides that a district court with improper venue "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper. Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995); *see also Lafferty v. St. Riel*, 495 F.3d 72, 77 (3d Cir. 2007) ("Section § 1406(a) comes into play where plaintiffs file suit in an improper forum."). The burden of establishing the need for transfer rests with the party seeking the transfer. *Jumara*, 55 F.3d at 879 (citations omitted).

**III.   DISCUSSION**

Everything about this case screams Pennsylvania. All of the Defendants reside in Pennsylvania. The underlying injury occurred in Pennsylvania. Plaintiff He received at least some medical treatment for her injury in Pennsylvania. No reason exists for this case to remain on the District of New Jersey's docket.

3

###   A.   The District of New Jersey Is an Improper Venue.[2]

As a threshold matter, both parties miss the mark on the proper venue analysis. Defendants urge the Court that the District of New Jersey is an improper venue but then also ask the Court to transfer under § 1404(a). (*See* Defs.' Moving Br. 5-7; Defs.' Reply Br. 1, 3, ECF No. 6.) Of course, transfer under § 1404(a) assumes that venue in the District of New Jersey is proper. *See Jumara*, 55 F.3d at 878 ("Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper.") On the other hand, Plaintiffs devote just over four of their 38-page opposition brief to the issue of venue—never responding to Defendants' charge that venue in the District of New Jersey is improper. (*See* Pls.' Opp'n Br. 33-37.)

In any event, the Court first analyzes whether Plaintiffs' choice of forum is proper. To determine the propriety of Plaintiffs' choice, the Court analyzes the three categories in the federal venue statute. 28 U.S.C. § 1391(b). Under that analysis, "[i]f the case falls into at least one of the Section 1391(b) categories, then venue is proper .... If it does not, then venue is improper and the case may be transferred." *Monello Landscape Indus., LLC v. Hatch Landscape & Design, Inc.*, No. 16-5803, 2018 WL 2134058, at *3 (D.N.J. May 9, 2018). Thus, the Court assesses whether Plaintiffs' choice of the District of New Jersey is proper under any of the § 1391(b) categories.

None of the three categories point to the District of New Jersey, and the first two point squarely to the Middle District of Pennsylvania. *First*, under § 1391(b)(1), none of Defendants are New Jersey citizens. Not only that—*every* Defendant resides in Pennsylvania. Although Defendant Camelback is incorporated in Delaware, a corporation is deemed to reside "in any judicial district

---

[2] Transfers under § 1406 do not require a threshold finding of personal jurisdiction. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not."); *Lafferty*, 495 F.3d at 77 (same).

in which such defendant is subject to the [c]ourt's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). Undoubtedly, Pennsylvania courts could exercise personal jurisdiction over Defendant Camelback, which owns a large waterpark resort in northeast Pennsylvania. *See, e.g., Daloya v. CBK Lodge Gen. Partner, LLC*, No. 19-439, 2020 WL 7039453, at *1 (M.D. Pa. Oct. 29, 2020) (personal injury action against Camelback at waterpark resort), *adopted by* 2020 WL 7034318 (Nov. 30, 2020); *Rivas v. CBK Lodge Gen. Partner, LLC*, No. 19-1948, 2020 WL 2615724, at *1 (M.D. Pa. May 22, 2020) (same with New Jersey plaintiff).

*Second*, under § 1391(b)(2), the Court finds that a "substantial part of the events" giving rise to Plaintiffs' premises liability claim occurred not in the District of New Jersey, but in the Middle District of Pennsylvania. 28 U.S.C. § 1391(b)(2). Courts "look at the nature of the dispute and 'the location of those events . . . giving rise to the claim,'" as well as "the conduct that allegedly caused the damages at issue." *Howmedica Osteonics Corp. v. DJO Glob., Inc.*, No. 16-2330, 2017 WL 1136671, at *4 (D.N.J. Mar. 27, 2017) (first quoting *Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 161 (3d Cir. 2012)). The Court finds no doubt that the events giving rise to Plaintiffs' premises liability claim occurred outside the District of New Jersey. To name a few: the premises at issue—Camelback's resort—is in the Middle District of Pennsylvania; Plaintiff was injured in the Middle District of Pennsylvania; Plaintiff received onsite medical treatment in the Middle District of Pennsylvania; every Defendant resides in the Middle District of Pennsylvania;[3] and most of the witnesses and employees who saw the falling ice likely also reside in the Middle

---

[3] Camelback has its resort in Tannersville, Monroe County, Pennsylvania. (Rohnstock Aff. ¶ 4.) Truchon resides in Scotrun, Monroe County, Pennsylvania. (Truchon Aff. ¶ 5.) Williamson resides in East Stroudsburg, Monroe County, Pennsylvania. (Williamson Aff. ¶ 5.) Monroe County is in the Middle District of Pennsylvania. *See* Middle District of Pennsylvania – Area of Service, U.S. Marshals Serv., https://www.usmarshals.gov/district/pa-m/general/area.htm (last accessed Sept. 1, 2021).

District of Pennsylvania. Indeed, as Plaintiffs admit, "The venue where the accident occurred, and certain witnesses are located in Pennsylvania; that is indisputable." (Pls.' Opp'n Br. 36.)

*Finally*, under § 1391(b)(3), contrary to the parties' briefing about personal jurisdiction, the Court need not consider the third prong of the venue statute because there is a "district in which [this] action may otherwise be brought": the Middle District of Pennsylvania. 28 U.S.C. § 1391(b)(3); *see also Howmedica Osteonics Corp.*, 2017 WL 1136671, at *5; *Konica Minolta, Inc. v. ICR Co.*, No. 15-1446, 2015 WL 9308252, at *5 (D.N.J. Dec. 22, 2015) ("§ 1391(b)(3) is moot in this case, as the action may be brought [elsewhere].").

**B.     The Court Transfers this Case to the Middle District of Pennsylvania.**

The only remaining question is whether the Court should dismiss this case for want of proper venue (or lack of personal jurisdiction) or transfer to the Middle District of Pennsylvania. The improper venue statute provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). District courts have broad discretion to decide whether to dismiss or transfer. *See Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (citation omitted). Notably though, courts have cautioned that dismissal is a "harsh remedy" and that "transfer of venue to another district court in which the action could originally have been brought, is the preferred remedy." *See NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 319 (D.N.J. 1998) (citing *Goldlawr*, 369 U.S. at 466).

Here, the Court sides with the "preferred remedy" and transfers this case to the Middle District of Pennsylvania. Both the primacy of the events in Pennsylvania and the personal jurisdiction of Pennsylvania courts over Defendants counsel strongly in favor of transfer. *See Konica Minolta, Inc.*, 2015 WL 9308252, at *5.

IV. **ORDER**

For the reasons set forth above, and for other good cause shown,

**IT IS**, on this 8th day of September 2021, **ORDERED** as follows:

1. Defendants' Motion to Transfer Venue to the Middle District of Pennsylvania (ECF No. 3) is **GRANTED**.

*/s/ Michael A. Shipp*
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE